EUGENIA R. JEMISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JEMISON & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64996, 64997.   Promulgated June 22, 1933.

*Lee C. Bradley, Jr., Esq.,* for the petitioners.
*Thos. F. Callahan, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioner Jemison, Docket No. 64996, contends that no part of the amount received as dividends on the corporate stock referred to in our findings of fact constitutes taxable income in the year collected, arguing that that sum total was but the gross proceeds from the collections of accounts receivable acquired in the stock exchange transaction. In other words, it is this petitioner's claim that at the time she acquired the preferred stock of the two corporations concerned she also acquired, in addition to the bare property interest represented by each share, the right to the unpaid dividends which had been theretofore declared and which constituted debts owing to Jemison & Co. from the corporation.

The petitioners' counsel has cited a number of decisions to show, in contemplation of law, who owned the property in the disputed dividends at the time they were separated from the corporation's undivided surplus by corporate act and appropriated to the stockholders' accounts. In so far as that question pertains to legal title to the dividends at the time they were declared, the petitioners' argument is sound and in line with the majority of court decisions. The controlling question here, however, is not one of ownership at a given time, but rather of taxable enjoyment in the taxpaying period as fixed by the statutes. Section 22 (a) of the Revenue Act of 1928 makes corporate dividends reportable as income; and, in applying that provision to cases where stock has been sold between dividend dates, the Secretary of the Treasury has provided in article 51 of Treasury Regulations No. 74 in part as follows:

In the case of stock sold between dividend dates, the entire amount of the dividend is income to the vendee and must be reported in his gross income when the dividend becomes due and payable. The amount advanced by the vendee to the vendor in contemplation of the next dividend payment is an investment of capital and may not be claimed as a deduction from gross income.

The facts herein bring the petitioner Jemison clearly within this provision of the regulation. The whole amount of dividends received by her was taxable income. Under the same regulation it is equally clear that the amount which she advanced to the vendor was a capital outlay and is not deductible from income. Conversely, it follows that the $628.15 was received by the petitioner Jemison & Co., in the sale of capital assets. The parties have stipulated that if it is held that this transaction was of a capital nature the entire amount is in excess of the cost of the property sold and is income to Jemison & Co. The determinations of the respondent conform to the law and regulations and are affirmed.

Reviewed by the Board.

*Decision will be entered for the respondent.*

ARUNDELL and BLACK dissent.